IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ZAXCOM, INC.,

    Plaintiff,

v.                                              No. 1:19-cv-0109 RB-KBM

LECTROSONICS, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion to Stay Action Pending *Inter Partes* Review of the Asserted Patents, filed on April 3, 2019. (Doc. 68.) While Defendant Lectrosonics, Inc. initially opposed the motion (*see id.* at 1[1]), Defendant has since filed a Notice indicating that it consents to the motion (*see* Doc. 70).

Plaintiff designs and manufactures "professional audio equipment for the television and film industries . . . ." (Doc. 33 (Am. Compl.) ¶ 73.) Plaintiff owns three patents (the "Patents-in-Suit") for the "Virtual Wireless Multitrack Recording System," which are the subject of this patent infringement lawsuit. (*Id.* ¶¶ 74–78.) "The Patents-in-Suit are directed generally to systems and methods for wireless recording of multi-track audio files without the data corruption or loss of data that typically occurs with wireless data transmission." (*Id.* ¶ 79.) Defendant "manufactures, promotes and sells throughout the United States and the world wireless systems and audio processing products, including" a product called the Portable Digital Audio Record (PDR) and related accessories. (*See id.* ¶¶ 4, 80.) Plaintiff asserts that Defendant markets its "products, and specifically the PDR and related accessories, to directly compete with [Plaintiff's] products . . . ." (*Id.* ¶ 80.) Plaintiff asserts that Defendant has infringed on one or more of the Patents-in-Suit with the manufacture and sale of its own "electronic audio equipment, including the PDR and related accessories." (*Id.* ¶ 82.)

---

[1] The Court uses the document's internal pagination, rather than the CM/ECF numbering.

In 2018, Defendant filed three petitions with the U.S. Patent and Trademark Office for *inter partes* review (IPR) by the Patent Trial and Appeal Board (PTAB). (Doc. 68 at 4.) "The purpose of *inter partes* review is to create a more efficient, cost-effective alternative to litigation." *Dentsply Sirona, Inc. v. Edge Endo, LLC*, No. 1:17-cv-01041 WJ/SCY, 2018 WL 4773369, at *1 (D.N.M. Oct. 3, 2018) (citation omitted). The PTAB has instituted all three IPRs, and final written decisions are expected in January 2020. (Doc. 68 at 4.)

> To determine whether to stay a case pending *inter partes* review, district courts typically consider, '(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party.

*Dentsply Sirona*, 2018 WL 4773369, at *1 (quoting *Digital Ally, Inc. v. Taser Int'l, Inc.*, No. 16-cv-2032-CM-TJJ, 2017 WL 1048351, at *2 (D. Kan. Mar. 20, 2017) (subsequent citation omitted)). Here, while this case has been pending since April 2017, the parties have not yet begun discovery because venue has changed twice. (*See* Doc. 70 at 1.) The Court has not set a trial date. The first factor favors a stay.

The Court agrees with Plaintiff that a stay may also simplify the issues, as the PTAB's decisions may narrow or cancel one or more of the claims. (*See* Doc. 68 at 8–9.) "Estoppel may also apply." *Dentsply Sirona*, 2018 WL 4773369, at *2 (citation omitted). The second factor favors a stay. Finally, Defendant does not assert that a stay will cause undue prejudice or create tactical disadvantages. (*See* Doc. 70.) Thus, the third factor also favors a stay.

Because the motion is unopposed and the applicable standard favors staying this matter pending decisions from the PTAB, the Court finds that Plaintiff's motion is well-taken and will be **GRANTED** and this matter will be **STAYED** pending *inter partes* review.

    **THEREFORE**,

    **IT IS ORDERED** that Plaintiff's Motion to Stay Action Pending *Inter Partes* Review of the Asserted Patents (Doc. 68) is **GRANTED**;

**IT IS FURTHER ORDERED** that this case and all deadlines herein are **STAYED** pending resolution of the *inter partes* review proceedings;

**IT IS FURTHER ORDERED** that the parties are directed to file a joint status report, or motion to lift stay, if appropriate, at the completion of the *inter partes* review proceedings;

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Dismiss Defendant's Counterclaims and to Strike Defendant's Affirmative Defenses (Doc. 69) is hereby **DISMISSED WITHOUT PREJUDICE**. Plaintiff is granted leave to renew the motion, if appropriate, after the stay is lifted.

**IT IS SO ORDERED.**

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE