IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ZAXCOM, INC.,

    Plaintiff,

v.                                                    No. CIV 19-0109 RB/JFR

LECTROSONICS, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on three motions: Defendant Lectrosonics, Inc.'s Motion for Summary Judgment (Doc. 89); Plaintiff Zaxcom, Inc.'s Motion to Dismiss Its Complaint as Moot or, in the Alternative, to Voluntarily Dismiss without Prejudice or, in the Alternative, for Leave to Amend (Doc. 90); and Zaxcom's Motion to Dismiss Defendant's Counterclaims and to Strike Defendant's Affirmative Defenses (Doc. 91).

The parties to this patent infringement action agree that the claims at issue in the First Amended Complaint are moot, and both parties seek dismissal. They cannot, however, decide on the *form* of dismissal. After considering the parties' arguments and relevant authority from the United States Court of Appeals for the Federal Circuit and elsewhere, the Court finds that this lawsuit should be dismissed without prejudice as moot for lack of jurisdiction. Accordingly, it will grant Zaxcom's motion to dismiss (Doc. 90) and deny Lectrosonics's motion for summary judgment (Doc. 89). It further finds that Lectrosonics fails to adequately state its counterclaims and will grant in part Zaxcom's motion to dismiss. (Doc. 91.) Given that this lawsuit will be dismissed, the Court otherwise denies as moot Zaxcom's request to strike Lectrosonics's affirmative defenses. (*See id.*)

I.  **Factual and Procedural Background**

Zaxcom designs and manufactures professional audio equipment. (Doc. 33 ¶ 73.) Zaxcom filed a complaint for patent infringement against Lectrosonics in the Eastern District of New York on June 6, 2017, and a First Amended Complaint on November 16, 2017. (*See* Docs. 1; 33.) The matter was transferred to the District of New Mexico in 2019. (*See* Doc. 54.)

Zaxcom owns three patents[1]—the '902 patent, the '814 patent, and the '307 patent—for a "Virtual Wireless Multitrack Recording System." (*See* Doc. 33 ¶¶ 74–78.) Zaxcom alleges that Lectrosonics manufactures, promotes, and sells a product (the PDR and its related accessories) that infringes on Zaxcom's patents. (*Id.* ¶¶ 80–82.) In 2018, Lectrosonics filed three petitions with the U.S. Patent and Trademark Office (USPTO) for *inter partes* review (IPR) of the patents by the Patent Trial and Appeal Board (PTAB). (*See* Doc. 68 at 8.[2]) "The purpose of *inter partes* review is to create a more efficient, cost-effective alternative to litigation." *Dentsply Sirona, Inc. v. Edge Endo, LLC*, No. 1:17-cv-01041 WJ/SCY, 2018 WL 4773369, at *1 (D.N.M. Oct. 3, 2018) (citation omitted). Lectrosonics sought a determination that Zaxcom's patent claims were invalid. (*See* Doc. 89 at 2.) The Court stayed this matter pending the PTAB decisions. (*See* Doc. 71 at 2.) Shortly thereafter, Zaxcom was issued a fourth patent that is related to this lawsuit but is not part of the First Amended Complaint. (*See* Docs. 90-1 at 7–8; 90-4.)

On November 7, 2019, the PTAB issued its Final Written Decision for the '307 patent, finding some of the challenged claims unpatentable. (*See* Doc. 89-1 at 1, 65.) The PTAB also granted Zaxcom's motion to amend, cancelled the original unpatentable claims, and replaced them

---

[1] U.S. Patent Nos. 7,929,902 (the '902 patent), 8,385,814 (the '814 patent), and 9,336,307 (the '307 patent). (Doc. 33 ¶¶ 74–76.)

[2] The Court cites to the CM/ECF page numbering of the documents in this matter, rather than to their internal pagination.

with the substitute claims. (*See id.* at 65.) On January 15, 2020, counsel for Lectrosonics emailed counsel for Zaxcom and stated that Lectrosonics had decided to "discontinue manufacturing its PDR effective the first week of [2020]." (Doc. 97-1 at 6.) The PTAB issued Final Written Decisions for the '814 and '902 patents on January 24, 2020, finding some of the challenged claims unpatentable, granting Zaxcom's motions to amend, cancelling the original claims and replacing them with the substitute claims. (*See* Docs. 89-2 at 1, 64; 89-3 at 1, 73–74.) The parties agree that the substituted claims are not a part of this lawsuit. (*See, e.g.*, Doc. 97-1 at 16 (IPR Certificate cancelling original claims and substituting amended claims for one of the three patents); *see also* Docs. 89 at 3 (noting that the "substituted patent claims are not part of, or of relevance to, the current lawsuit"); 97 at 6 (noting that "substitute claims have been issued for each and every one of the cancelled claims, but an amendment of the Complaint is required to assert these substitute claims against [Lectrosonics]").)

Zaxcom appealed the PTAB's decisions, and the Court of Appeals for the Federal Circuit affirmed the decisions. *See Zaxcom, Inc. v. Lectrosonics, Inc.*, No. 2020-1350, 2022 WL 499843 (Fed. Cir. Feb. 18, 2022) (affirming decision on the '307 patent); No. 2020-1921, 2022 WL 499848 (Fed. Cir. Feb. 18, 2022) (affirming decisions on the '814 and '902 patents). The parties agree that as a result of these final decisions, the claims Zaxcom asserted in its First Amended Complaint, as well as Lectrosonics's defenses thereto, are moot. (*See* Docs. 97 at 16; 100 at 1 n.1.)

The Court lifted the stay in this lawsuit on July 21, 2022. (Doc. 80.) The parties have engaged in extensive discussions regarding dismissal of this matter but are unable to agree on a form of dismissal. (*See* Doc. 97 at 10.) Zaxcom seeks to dismiss the First Amended Complaint as moot. (*See* Doc. 90 at 1.) Alternatively, Zaxcom asks the Court to dismiss the matter without prejudice under Federal Rule of Civil Procedure 41(a)(2) or to allow Zaxcom to file a Second

Amended Complaint. (*See id.*) Zaxcom also moves to dismiss Lectrosonics's counterclaims for failure to state a claim and to strike its affirmative defenses. (Doc. 91.) Lectrosonics seeks to dismiss the lawsuit with prejudice on the merits. (*See* Doc. 89 at 1.) The Court will begin by analyzing Zaxcom's motion to dismiss the counterclaims.

## II.      Legal Standards

### A.  Motions to Dismiss under Rule 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Emps.' Ret. Sys. of R.I. v. Williams Cos.*, 889 F.3d 1153, 1161 (10th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quotation omitted). The Court will "accept as true 'all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff.'" *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013) (quotation omitted).

### B.  Dismissals under Rule 41(a)(2)

"Federal Rule of Civil Procedure 41(a)(2) permits a district court to dismiss an action without prejudice 'upon such terms and conditions as the court deems proper.'" *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005) (quoting *Am. Nat'l Bank & Trust Co. v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991)). "The rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Id.* (quoting *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 357 (10th Cir. 1996)). "These matters fall within the district court's discretion and '[r]eversal requires a clear abuse of discretion.'" *Id.* (quoting *Am. Nat'l Bank & Trust Co.*, 931 F.2d at 1412). "But '[a]bsent "legal prejudice" to the

defendant, the district court normally should grant such a dismissal.'" *Id.* (quoting *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997)).

### III. The Court dismisses the counterclaims without prejudice.

Zaxcom moves to strike Lectrosonics's affirmative defenses and to dismiss its counterclaims for failure to state a claim. (*See* Doc. 91.) Lectrosonics asserts counterclaims for (Count I) tortious interference with prospective contractual relations, (Count II) business defamation, (Count III) violation of the New Mexico Unfair Practices Act, and (Count IV) prima facie tort. (*See* Doc. 58.) As discussed below, Lectrosonics fails to state a claim as to Counts I, II, or IV, and the Court dismisses those claims without prejudice.[3] Lectrosonics filed a Notice of Voluntary Dismissal of Count III (*see* Doc. 94); thus, the Court denies as moot the motion to dismiss Count III.

#### A. Facts according to the Answer and Counterclaim

Lectrosonics offers a brief recitation of facts in support of its counterclaims. (*See* Doc. 58 at 11–12 ¶¶ 3–10.) It asserts that the parties "have been competitors in the sale of professional audio equipment" and that Zaxcom has attempted to disrupt Lectrosonics's relationship with its customers. (*Id.* at 11 ¶¶ 5–6.) Specifically, Zaxcom has allegedly contacted Lectrosonics's customers to "falsely denigrat[e] the quality of Lectrosonics'[s] products and" to "accus[e] Lectrosonics of misrepresenting its products and engaging in dishonesty with its customers and the market . . . ." (*Id.* at 11–12 ¶ 7.)

#### B. Tortious Interference with Contractual Relations

In Count I, Lectrosonics alleges that Zaxcom intentionally interfered with Lectrosonics's

---

[3] Lectrosonics states that it should be given leave to amend its counterclaims. (Doc. 95 at 8–9.) Because Lectrosonics has not filed a motion to amend in accordance with D.N.M. LR-Civ. 15.1, the Court declines to take up its request in this Opinion.

relationships with its customers with the intent to cause it harm. (*Id.* at 12–13 ¶¶ 10–12.) Although Lectrosonics references only prospective relations in the title of this count, the allegations discuss "current and prospective customers." (*Id.* ¶ 11.) Tortious interference with "existing contracts" and "prospective business relations" are two distinct claims under New Mexico law. *See, e.g.*, *Guidance Endodontics, LLC v. Dentsply Int'l, Inc.*, No. CV 08-1101 JB/RLP, 2009 WL 10699130, at *5–6 (D.N.M. Sept. 11, 2009) (outlining elements of each claim). Lectrosonics fails to allege facts sufficient to plead either claim.

> To sustain a claim of tortious interference with existing contractual relations under New Mexico law, [Lectrosonics] must prove that: (i) [Zaxcom] had knowledge of existing contracts between [Lectrosonics] and its customers; (ii) [Lectrosonics's] customers breached their existing contracts with [Lectrosonics]; (iii) [Zaxcom] played an active and substantial part in causing [Lectrosonics] to lose the benefits of the existing contracts with its customers; (iv) damages flowed from the breached existing contracts; and (v) [Zaxcom] induced the breach without justification or privilege.

*Id.* at *5 (citing *Deflon v. Sawyers*, 137 P.3d 577, 583 (N.M. 2006); *Guest v. Berardelli*, 195 P.3d 353, 363 (N.M. Ct. App. 2008)). Lectrosonics fails to allege facts to show that its customers breached their contracts with it or that Zaxcom played any part in causing Lectrosonics to lose the benefits from existing breached contracts. *See id.* Thus, Lectrosonics fails to state a claim for tortious interference of existing contractual relations.

To state a claim for tortious interference with prospective relations, Lectrosonics "must prove that there was an actual prospective contractual relation which, but for [Zaxcom's] interference, would have been consummated" and that Zaxcom interfered with "either improper motive or improper means." *Id.* (quoting *Anderson v. Dairyland Ins. Co.*, 637 P.2d 837, 841 (N.M. 1981)) (citing Restatement (Second) of Torts ¶¶ 766(B)(a)–(b)). Zaxcom argues that Lectrosonics "has not identified any actual prospective contractual relationship that supposedly existed or was

interfered with." (Doc. 91 at 10.) Lectrosonics responds that Zaxcom made statements to three specific companies, and as a result of Zaxcom's statements, Lectrosonics "los[t] some sales." (*See* Doc. 58 at 11–12 ¶¶ 7–8; *see also* Doc. 95 at 4.) Yet, there are no factual allegations to demonstrate Lectrosonics had "an actual prospective contractual relation" with any of these three companies and that, "but for [Zaxcom's] interference," the relationship "would have been consummated." *See Anderson*, 637 P.2d at 841. The Court will grant the motion to dismiss Count I.

### C. Business Defamation

In Count II, Lectrosonics alleges that "[b]y knowingly communicating false and defamatory statements of fact about [its] products and business practices to others, . . . Zaxcom caused harm to [its] business reputation." (Doc. 58 at 13 ¶ 14.) "Generally, the elements of a defamation action include: a defamatory communication, published by the defendant, to a third person, of an asserted fact, of and concerning the plaintiff, and proximately causing actual injury to the plaintiff." *Royal Pac. Ltd. v. Faith Elec. Mfr. Co.*, 322 F. Supp. 3d 1178, 1183–84 (D.N.M. 2018), *order clarified sub nom.*, 2018 WL 4259844 (D.N.M. June 29, 2018) (quoting *Newberry v. Allied Stores, Inc.*, 773 P.2d 1231, 1236 (N.M. 1989)) (citing UJI 13–1002(B)). Zaxcom contends that Lectrosonics fails to plead "any of these elements . . . ." (Doc. 91 at 11.)

Lectrosonics cites to *Royal Pacific* in support of its claim. (*See* Doc. 95 at 6.) In that case, the court examined "the degree of specificity necessary to establish" a plausible defamation claim. 322 F. Supp. 3d at 1184 (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008)). It noted that "[f]ederal courts relying on a Rule 8 standard have held that some specificity about the allegedly defamatory communication is required in order to give the defendant adequate notice." *Id.* at 1185 (citing 50 Am. Jur. 2d § 416 (stating that "[u]nder federal pleading standards, the complaint must at least identify the allegedly defamatory statements, the person who made the

statements, the time when the statements were made, and the third parties to whom the statements were published")). The plaintiff in *Royal Pacific* alleged that the defendant, "commencing in or around March 2016 and continuing thereafter, represented to third parties that [the plaintiff's] products were defective and presented safety hazards to persons purchasing and/or using" them. *Id.* at 1186 (citation omitted). The *Royal Pacific* court concluded that the plaintiff "failed to state a claim about the alleged[ly] defamatory statements with sufficient specificity to permit [the defendant] to defend itself." *Id.* Although the plaintiff "identif[ied] the content of the allegedly defamatory statements (the quality of their product), they [did] not identify with any precision when the statements were made, by whom, to whom, or in what context." *Id.*

The same may be said of the counterclaim here. Lectrosonics asserts cursory factual allegations to show that Zaxcom "contacted or communicated with" Lectrosonics's customers to "denigrat[e] the quality of Lectrosonics'[s] products and . . . accus[e] Lectrosonics of misrepresenting its products and engaging in dishonesty with its customers and the market . . . ." (Doc. 58 at 11–12 ¶ 7.) Lectrosonics fails to identify specifics about who made the communications and when they made them. (*See* Doc. 98 at 7.) Accordingly, the Court will grant the motion to dismiss Count II.

D. **Prima Facie Tort**

In Count IV, Lectrosonics asserts a claim for prima facie tort. (Doc. 58 at 14 ¶¶ 19–21.) To establish a claim for prima facie tort, a plaintiff must show: "(1) defendant's lawful but intentional act; (2) defendant's intent to injure the plaintiff; (3) injury to the plaintiff; and (4) no justification for defendant's acts." *Andrews v. Stallings*, 892 P.2d 611, 626 (N.M. Ct. App. 1995) (citing *Schmitz v. Smentowski*, 785 P.2d 726, 734 (N.M. 1990)). Here, Lectrosonics alleges that in denigrating its products "without legitimate factual basis, Zaxcom acted without justification and

with the intention to cause injury to [Lectrosonics]," causing injury to Lectrosonics's reputation and sales "and increasing its cost of doing business." (Doc. 58 at 14 ¶ 20.)

The New Mexico Supreme Court has "emphasized the importance of limiting the cause of action for prima facie tort . . . ." *Simon v. Taylor*, No. CIV 12-0096 JB/WDS, 2013 WL 5934420, at *19 (D.N.M. Sept. 26, 2013), *aff'd*, 794 F. App'x 703 (10th Cir. 2019) (citing *Schmitz*, 785 P.2d at 734; *Lexington Ins. Co. v. Rummel*, 945 P.2d 992, 995 (N.M. 1997)). "Prima facie tort was not intended to provide a remedy for every intentionally caused harm[,]" but only "for acts committed with an intent to injure the plaintiff and without justification." *Lexington Ins.*, 945 P.2d at 995 (citation omitted). Zaxcom argues that to establish intent to injure, Lectrosonics must allege not only that the act is intentional, but also that Zaxcom knew "the act was wrong when" performed. (Doc. 91 at 14 (quoting *Back v. ConocoPhillps Co.*, No. CIV 12-0261 JB/WDS, 2012 WL 6846397, at *24 (D.N.M. Aug. 31, 2012)).) That is, "the plaintiff must demonstrate 'an actual intention to injure, not merely an intent to do the act which may result in the claimed injury.'" *Back*, 2012 WL 6846397, at *24 (quoting *Portales Nat'l Bank v. Ribble*, 75 P.3d 838, 841 (N.M. Ct. App. 2003)). Lectrosonics "bear[s] a heavy burden to establish intent to injure." *Id.* (citing *Lexington Ins.*, 945 P.2d at 995).

The Court finds that Lectrosonics has fallen short of alleging facts to show an intent to injure. In this claim, Lectrosonics changes course and, rather than asserting that Zaxcom communicated "false statements" that it "understood . . . to be defamatory" (Doc. 58 at 12 ¶ 9), it instead alleges that Zaxcom "commit[ed] actions . . . that under general circumstances would be lawful, for example . . . improperly and dishonestly denigrating" Lectrosonics's products (*id.* at 14 ¶ 20). Lectrosonics does not identify any specifics about what these otherwise lawful statements were. (*See id.*) It appears to the Court "that allowing [Lectrosonics's] prima facie tort claim to

proceed would erode the New Mexico Supreme Court's careful delineation and limitation of the tort of defamation." *See Mischnick v. Klope*, No. 1:17-CV-00642-RJ, 2017 WL 11452998, at *5 (D.N.M. Oct. 18, 2017) (citing *Schmitz*, 785 P.2d at 738 ("[P]rima facie tort should not be used to evade stringent requirements of other established doctrines of law.")). "Defamation claims protect against the underlying conduct" that Lectrosonics details in its factual allegations—that is, "spreading false information about [Lectrosonics's products] that [Zaxcom] knew to be untrue." *See id.* (citing *Andrews*, 892 P.2d at 626–27). "Thus, [Lectrosonics is] attempting to use a prima facie tort theory to overcome obstacles to suits for defamation." *See id.* "However, [Lectrosonics] cannot seek recovery under a prima facie tort claim to eliminate the requirements of proving a defamation claim, which protects the important public policy of free speech." *See id.* "Because prima facie tort is being asserted to circumvent the restrictive features of the traditional tort of defamation," or alternatively, because Lectrosonics fails to support its claim for prima facie tort with sufficient factual allegations, the Court will grant the motion to dismiss Count IV. *See id.*

      **E.**    **Motion to Strike Affirmative Defenses**

Zaxcom also moves to strike Lectrosonics's affirmative defenses. (Doc. 91 at 14–17.) Because the Court will dismiss the First Amended Complaint (*see infra* Section IV), it will deny as moot the motion to strike the affirmative defenses.

**IV.**    **The Court denies Lectrosonics's motion for summary judgment and dismisses this lawsuit as moot.**

The remaining issue involves whether the Court has jurisdiction to enter judgment on the merits of Zaxcom's lawsuit. Lectrosonics argues that because the PTAB found Zaxcom's original claims "unpatentable," the First Amended Complaint "is deficient as a matter of law and should be dismissed" with prejudice on the merits. (Doc. 89 at 6 (citations omitted).) Zaxcom disagrees

and argues that because the PTAB cancelled the original claims and allowed Zaxcom to substitute its amended claims, all claims it asserted in its First Amended Complaint are moot, thereby depriving the Court of jurisdiction to enter judgment on the merits. (*See* Doc. 97 at 15.)

Lectrosonics contends that judgment on the merits is proper because Zaxcom may "never again bring an action for infringement based on" the invalidated claims. (Doc. 89 at 6.) Lectrosonics relies largely on two cases: *Munchkin, Inc. v. Luv N' Care, LTD*, No. CV 13-06787 JEM, 2018 WL 7507424 (C.D. Cal. May 2, 2018) and *Kimberly-Clark Worldwide, Inc. v. First Quality Baby Products, LLC*, No. 14-cv-1466, 2017 WL 481434 (E.D. Wis. Jan. 1, 2017). (*See* Doc. 89.) In *Munchkin*, the PTAB found the plaintiff's claims unpatentable. 2018 WL 7507424, at *2. The plaintiff moved to dismiss without prejudice as moot, and the defendant moved to dismiss with prejudice on the merits. *See id.* at *1. At the same time, the parties also briefed the issue of who qualified as the "prevailing party." *See id.* The court noted that there was "uncertainty about whether a voluntary Rule 41(a)(2) dismissal with prejudice would be sufficient to qualify a defendant as a prevailing party . . . ." *Id.* Because the plaintiff conceded that the defendant was the prevailing party after the PTAB's decision, and because the plaintiff failed to point to authority to show "that a PTAB invalidity ruling precludes entry of final judgment on infringement[,]" the court dismissed the matter with prejudice. *See id.* at *1–2.

Zaxcom disagrees that *Munchkin* is relevant for two reasons. First, the Tenth Circuit has opined that whether "a party dismisses an action with or without prejudice, the district court has discretion to award costs to the prevailing party under Rule 54(d)." (Doc. 97 at 22 (quoting *Cantrell v. Int'l Bhd. of Elec. Workers Local 2021*, 69 F.3d 456, 458 (10th Cir. 1995)).) Thus, the *Munchkin* court's concern regarding awarding a defendant prevailing party status is inapplicable in this case. (*See id.*) Zaxcom further points out that the Federal Circuit "has awarded defendant prevailing

11

party status in cases in which patent infringement claims are dismissed for mootness." (Doc. 97 at 22 (citing *B.E. Tech. L.L.C. v. Facebook, Inc.*, 940 F.3d 675, 676–77 (Fed. Cir. 2019)).) In *B.E. Technology*, the plaintiff's patent claims were found unpatentable and cancelled, and the district court dismissed the case as moot. 940 F.3d at 676–77. The court then awarded the defendant fees as the prevailing party, and the plaintiff appealed. *See id.* at 677. The Federal Circuit agreed that under those circumstances, the defendant was the prevailing party. *See id.* Lectrosonics does not adequately address *Cantrell* or *B.E. Technology*.[4] (*See* Doc. 100.)

Zaxcom contends that a more recent case out of the same court that decided *Munchkin* has found its reasoning is outdated. (*See* Doc. 97 at 19 (discussing *Realtime Adaptive Streaming LLC v. Google LLC*, No. 2:18-CV-03629-GW-JCX, 2021 WL 4027514, at *2 (C.D. Cal. July 13, 2021)).) In *Realtime*, the PTAB found that certain claims in the plaintiff's patents were unpatentable. 2021 WL 4027514, at *1. The plaintiff chose not to pursue an appeal of some of the claims and disclaimed others, and the defendant asked the court to "dismiss the case with prejudice and enter judgment in [its] favor . . . ." *See id.* at *1–2. The plaintiff asked the court to dismiss the claims as moot and without prejudice. *Id.* at *2. The *Realtime* court found that authority from the Federal Circuit supported dismissing the claims as moot and without prejudice. *See id.* (citing *Sanofi-Aventis U.S., LLC v. Dr. Reddy's Lab'ys, Inc.*, 933 F.3d 1367 (Fed. Cir. 2019); *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013)).

In *Sanofi-Aventis*, the plaintiff (Sanofi) filed an infringement suit based on its '592 patent. 933 F.3d at 1371. The PTAB instituted IPR proceedings of the '592 patent and found several of

---

[4] Nor is the issue squarely before the Court. *See* D.N.M. LR-Civ. 54.1 & 54.5 (providing guidance on the timing of and requirements for motions to tax costs and attorney's fees). Lectrosonics states in its reply brief that "[e]ven should the Court decline to dismiss Zaxcom's Complaint on the merits, it should acknowledge Lectrosonics to be the prevailing party in this matter." (Doc. 100 at 12.) Zaxcom disagrees. (*See* Doc. 112 at 4.) The Court declines to make a ruling on the issue at this time.

the claims unpatentable as obvious. *Id.* The plaintiff disclaimed the unpatentable claims and informed the district court. *Id.* at 1371–72. The defendants "counterclaimed for a declaratory judgment of the invalidity of the '592 patent." *Id.* at 1371. The court granted declaratory judgment and held that the claims were invalid, a ruling on the merits. *See id.* at 1372–73. The plaintiff appealed and argued that because the PTAB found the claims unpatentable, "there was no longer a case or controversy regarding those claims, and the district court thus lacked authority to invalidate them." *Id.* at 1372. The Federal Circuit agreed that Sanofi's "disclaimer of the disclaimed claims mooted any controversy over them." *Id.* at 1373. "When Sanofi disclaimed the disclaimed claims, it effectively eliminated those claims from the . . . patent, leaving the '592 patent 'as though the disclaimed claims had never existed.'" *Id.* (cleaned up) (quotations omitted). Thus, the relief that the defendants requested—a finding of invalidity on the unpatentable claims— "was both speculative and immaterial to its possible future defenses," because it would never need to defend against the disclaimed claims. *See id.*; *accord Fresenius*, 721 F.3d at 1340 (finding that "in general, when a claim is cancelled, the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot").

      Lectrosonics asserts that because the plaintiff in *Sanofi-Aventis* "disclaimed the patent claims at issue, . . . there was never an adjudication that found those claims unpatentable." (Doc. 100 at 10.) Yet the Federal Circuit explicitly noted that the PTAB found the claims "unpatentable as obvious and denied Sanofi's motion to amend its claims." 933 F.3d at 1371. The difference came after the finding: here, Zaxcom appealed the PTAB's decision. In *Sanofi-Aventis*, the plaintiff did not appeal the PTAB's decision (with respect to the claims at issue in the Federal Circuit's decision) and instead disclaimed the unpatentable claims. *See id.* Notably, the Federal Circuit found it important that at the time the "district court issued its decision, there were no

13

enforceable amended claims." *Id.* at 1374. Still, the Federal Circuit stated that even if Sanofi secured amended claims and asserted them against the defendants, the defendants did not argue that their defense to the amended claims would "in any way depend[] on the district court's judgment concerning the disclaimed claims." *Id.* The same is true here: Lectrosonics does not mount any effective argument that its future defenses to Zaxcom's amended claims depend on the form of dismissal of the First Amended Complaint. (*See* Doc. 97.)

The defendant in *Realtime* also relied on the *Munchkin* court's statement that "no case holds that a PTAB invalidity ruling precludes entry of final judgment on infringement or conferral of prevailing party status on a defendant." *Realtime*, 2020 WL 4027514, at *2 (quoting *Munchkin*, 2018 WL 7507424, at *2). The *Realtime* court dismissed the concern, noting "[t]hat is precisely what the Federal Circuit later held in *Sanofi-Aventis*." *Id.* (citing *Sanofi-Aventis*, 933 F.3d at 1373). Accordingly, the *Realtime* court found it was unable to enter judgment on the complaint and instead dismissed the claims as moot and without prejudice. *See id.* (citing *B.E. Tech.*, 940 F.3d at 676–77 (affirming dismissal on grounds of mootness instead of dismissal with prejudice)); *see also Konami Gaming, Inc. v. Marks Studios, LLC*, No. 2:14-cv-01485 JAD-BNW, 2020 WL 13134385, at *1–2 (D. Nev. Mar. 16, 2020) (finding that, under Federal Circuit precedent, defendant would not lose right to be deemed a prevailing party if plaintiff's lawsuit was dismissed without prejudice after patent claims were invalidated) (citing *Raniere v. Microsoft Corp.*, 887 F.3d 1298, 1308 (Fed. Cir. 2018)).

The Court finds the reasoning in *Realtime* and *Sanofi-Aventis* compelling. The Federal Circuit concluded in *Sanofi-Aventis* that the plaintiff's disclaimer of the unpatentable claims

"mooted any infringement-based dispute concerning those claims."[5] 933 F.3d at 1373 (citing *Fresenius*, 721 F.3d at 1340). In other words, cancellation of the claims "eliminate[s] the need to try the infringement issue" in concurrent infringement litigation. *See Fresenius*, 721 F.3d at 1340 (discussing claims cancelled in reexamination proceedings) (quotation omitted). Although Zaxcom has not disclaimed its original claims, the PTAB definitively cancelled them, and Zaxcom may not now or later resuscitate the claims against Lectrosonics. That the PTAB allowed Zaxcom to amend its claims does not change the Court's decision. The infringement action based on the original claims is moot, and the Court denies Lectrosonics's invitation to rule on the merits of the action. The Court finds it noteworthy that the *Kimberly-Clark* court acknowledged, and the *Munchkin* court did not disagree, that invalidation of the patent claims rendered the claims moot and deprived the courts of subject matter jurisdiction. *See Kimberly-Clark*, 2017 WL 481434, at *2; *Munchkin*, 2018 WL 7507424, at *2. The Tenth Circuit has held that "dismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) (citations omitted). Accordingly, the Court will deny Lectrosonics's motion for summary judgment and grant

---

[5] *Sanofi-Aventis* also appears to nullify the reasoning in *Kimberly-Clark*, another case Lectrosonics cites favorably. In *Kimberly-Clark*, the plaintiff's patent claims were invalidated, and the parties disagreed about whether to dismiss them with or without prejudice. *See* 2017 WL 481434, at *2. The court looked at the legal consequences of each option and noted that "[a] dismissal without prejudice allows the parties to return to court and litigate their claims in the chance that the current moot dispute ripens into a justiciable issue." *Id.* (citation omitted). It found that because the patent claims were invalidated, the plaintiff would never "be able to cure that defect and bring subsequent actions involving the" invalidated patent claims; thus, a dismissal with prejudice was appropriate. *See id.* Yet, Lectrosonics offers no authority to suggest that Zaxcom may ever revive the cancelled patent claims. Because the cancellation of the original claims moots any infringement action based on those claims, the reasoning in *Kimberly-Clark* is unpersuasive. A dismissal with prejudice is unnecessary.

Zaxcom's motion to dismiss the First Amended Complaint as moot and without prejudice under Rule 41(a)(2).[6]

**THEREFORE,**

**IT IS ORDERED** that Zaxcom's Motion to Dismiss Defendant's Counterclaims and to Strike Defendant's Affirmative Defenses (Doc. 91) is **GRANTED IN PART** and Lectrosonics's Counterclaims I, II, and IV (*see* Doc. 58) are **DISMISSED** without prejudice for failure to state a claim. The motion (Doc. 91) is otherwise **DENIED AS MOOT** as described in this Opinion.

**IT IS FURTHER ORDERED** that Lectrosonics's Motion for Summary Judgment (Doc. 89) is **DENIED**.

**IT IS FURTHER ORDERED** that Zaxcom's Motion to Dismiss its Complaint as Moot or, in the Alternative, to Voluntarily Dismiss without Prejudice or, in the Alternative, for Leave to Amend (Doc. 90) is **GRANTED IN PART** and this lawsuit is **DISMISSED AS MOOT without prejudice** for lack of jurisdiction.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE

---

[6] Lectrosonics offers a terse argument to show that it will be "legally prejudiced" by a dismissal without prejudice. (Doc. 96 at 11–12.) It states that it would be prejudiced if it is ever forced to defend against Zaxcom's amended patent claims in the future, because it would have been more economical to do so "two or three years ago . . . ." (*Id.*) Yet, the PTAB did not substitute Zaxcom's amended claims until 2022. (*See, e.g.*, Doc. 97-1 at 16 (PTAB's Oct. 14, 2022 IPR certificate cancelling original claims and substituting amended claims).) Thus, the Court finds that Lectrosonics fails to clearly establish that it will be prejudiced by a dismissal without prejudice.